Qinyu Fan, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: qfan@hanglaw.com
*Attorney for Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------X
Luis Lema, individually
and on behalf of all others similarly situated,

         Plaintiffs,

      -against-

Petros & Son's, Inc. of Ewing N.J. d/b/a Ewing Diner,
Petros Grumitsaris a/k/a Peter, and Peter Kritsikokas,

         Defendants.
-------------------------------------------------------------X

Case No.:

**COLLECTIVE ACTION**
**COMPLAINT**

   Plaintiff, Luis Lema, by and through his undersigned attorneys, brings this complaint against the Defendants Petros & Sons, Inc. of Ewing N.J. d/b/a Ewing Diner, Petros Grumitsaris a/k/a Peter, and Peter Kritsikokas (collectively "Defendants"), allege and show the Court the following:

### **INTRODUCTION**

   1. This action is brought by Plaintiff, on behalf of himself as well as all other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 et seq., and of the New Jersey State Wage and Hour

1

Law, NJSA§34:11-56 *et seq*. (hereinafter "NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to adequately pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages equal to the unpaid overtime, (3) prejudgment interest, (4) post-judgment interest, and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in the jurisdiction of this District.

## PLAINTIFF

7. From on or around October 1, 2017 to on or around April 21, 2019, Plaintiff Luis Lema was employed as a cook in Defendants' restaurant located at 1099 Parkway Ave., Ewing, NJ 08628.

8. Plaintiff's daily duties include chef helper, dishwasher, stock boy, and more.

## DEFENDANTS

*Corporate Defendant*

9. Defendant Petros & Son's, Inc. of Ewing N.J. trading as Ewing Diner (hereinafter "Ewing Diner") is a corporation incorporated under the laws of New Jersey and has its registered office at 1148 River Road, W. Trenton, NJ 08628.

10. Upon information and belief, Corporate Defendant has about 10 employees.

11. Upon information and belief, Corporate Defendant at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief, Corporate Defendant purchased, and handled goods moved in interstate commerce. For instance, Corporate Defendant has employees who handled and worked on goods moved in interstate commerce such as flour and food supplies.

13. At all relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/ Operator Defendants*

14. Upon information and belief, Defendant Petros Gromitsaris a/k/a Peter is the owner, chief executive officer, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation.

15. Upon information and belief, Defendant Petros Gromitsaris determined the wages and compensation of the employees of Defendants, including Luis Lema, and established work

schedules and workload of the employees, maintained employee records, and had the authority to hire and fire employees.

16. Defendant Petros Gromitsaris acted intentionally and maliciously, and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-4.1 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

*Peter Kritsikokas*

17. Upon information and belief, Defendant Peter Kritsikokas is the owner, chief executive officer, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation.

18. Upon information and belief, Defendant Peter Kritsikokas determined the wages and compensation of the employees of Defendants, including Luis Lema, and established the type of work to be completed by employees.

19. Defendant Peter Kritsikokas acted intentionally and maliciously, and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-4.1 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

20. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective

Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than 8 Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

22. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

23. This action should be certified as a collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

24. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually

impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

25. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants' violations of the FLSA are willful as that terms are used within the context of the FLSA; and,

c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

26. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

27. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

28. Defendants committed the following alleged acts knowingly, intentionally and willfully.

29. Defendants knew that the nonpayment of minimum wage and overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

30. From on or around October 1, 2017 to on or around April 21, 2019, Plaintiff Luis Lema was employed as a dish washer, stock boy, and chef helper in Defendants' restaurant located at 1099 Parkway Ave., Ewing, NJ 08628.

31. Plaintiff Lema's job duties includes helping the chef, stocking, dish washing, and performing other side work including organizing the inventories.

32. Upon information and belief, Defendant Petros Gromitsaris known as "Peter" to Plaintiff, is the owner/member of Ewing Diner, and maintains active operational control over Ewing Diner, including, without limitation to hiring and firing employees, supervising and controlling the employees, setting their work schedule, determining their rates of compensation and methods of payment, handling payrolls, and maintaining employee records.

33. Defendant Petros Gromitsaris controlled and determined the work schedule of Plaintiff Luis Lema.

34. Defendant Petros Gromitsaris determined the rates of compensation of Plaintiff Luis Lema and methods of payment.

35. Defendant Petros Gromitsaris handled wage payments to Plaintiff Luis Lema and maintained his employment records.

36. Plaintiff worked five days per week. From approximately October 1, 2017 to on or around April 21, 2019. On Monday and Tuesday Plaintiff worked from 9:00 am to 6:00pm, and Friday to Sunday he worked from 9:00 am to 7:00pm. Plaintiff was not able to take meal breaks during each shift, and when he could catch a break between works, each break lasts about 5 to 10 minutes. Plaintiff Luis Lema therefore worked seventy (70) hours per week.

37. For Plaintiff Lema's employment with Defendants from October 1, 2017 to on or around January 1, 2019, Plaintiff was paid at $10.00 per hour regardless the number of hours he actually worked each week. From January 1, 2019 to on or around March 19, 2019, Plaintiff was paid at $11.00 per hour regardless the number of hours he actually worked each week. From March 19, 2019 to April 21, 2019, Plaintiff was paid $12.00 per hour.

38. Throughout his employment with Defendants, Plaintiff Lema was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws as he did not receive the time and half of his regular rate for all hours worked in excess of 40 hours in any given week.

39. Throughout his employment with Defendants, Plaintiff Lema was not overtime-exempt under federal and state laws.

40. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff Lema's hours and wages. The hours reflected on Plaintiff's pay stubs do not represent the number of hours he actually worked.

## STATEMENT OF CLAIMS

### COUNT I.

**[Violations of the Fair Labor Standards Act—Overtime Wage**
Brought on behalf of the Plaintiff and the FLSA Collective]

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for

"commerce," within the meaning of the FLSA, 29 U.S.C. §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §207(a).

43. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

44. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

45. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

46. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

47. Here, Plaintiff was paid a fixed rate of $10.00 per hour regardless the number of hours he actually worked each week from October 1, 2017 to on or around January 1, 2019. From January 1, 2019 to on or around March 19, 2019, Plaintiff was paid at $11.00 per hour From March 19, 2019 to April 21, 2019, Plaintiff was paid $12.00 per hour. Thus, during the employment, Plaintiff was paid at a fixed rate regardless the number of hours he actually worked. In this way, for the hours Plaintiff worked over forty(40) a week, Plaintiff was compensated at his or her regular hourly rate, while the FLSA requires a compensation at a rate not less than one and one-half times the regular rate at which he or she is employed.

9

48. Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

49. The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

50. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff and FLSA Collectives' labor.

51. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

52. For the above reasons, Plaintiff is entitled to an award for his or her unpaid overtime compensation required by the FLSA, and the liquidate damage equal to this amount.

## COUNT II.
**[Violation of New Jersey Wage and Hour Law—Overtime Pay**
Brought on behalf of Plaintiff]

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. NJWHL 12:56-6.1 provides that, for each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in

N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 and ½ times such employee's regular hourly wage.

55. The NJWHL and supporting regulations required employers to notify employees of employment law requirements. NJWHL 8:43E-8.6 et seq.

56. Here, as discussed above, Plaintiff, during the employment, was paid at a fixed rate regardless the number of hours he actually worked. In this way, for the hours Plaintiff worked over forty(40) a week, Plaintiff was only compensated at his or her regular hourly rate, while the NJWHL requires a compensation at a rate not less than one and one-half times the regular rate at which he or she is employed.

57. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at time and one half times the regular rate the Plaintiff in violation of New Jersey Wage and Hour Law.

58. Defendants' failure to pay Plaintiff adequate compensation was not in good faith.

59. By failing to pay Plaintiff and the Collective Class Members, the Plaintiff and the Collective Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a Judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) Award Plaintiff unpaid wages, and unpaid overtime due under the FLSA and the NJWHL plus compensatory and liquidated damages;

g) Award Plaintiff reimbursement of tools of trade under FLSA;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i) The cost and disbursements of this action;

j) An award of prejudgment and post-judgment fees; and

k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Dated: Flushing, New York
August 2, 2019

        Respectfully Submitted,

        HANG & ASSOCIATES, PLLC

        By: _____s/_*Qinyu Fan* _____
        Qinyu Fan, Esq.
        136-20 38th Ave. Suite 10G
        Flushing, NY 11354
        Tel: (718) 353-8588
        Fax: (718) 353-6288
        E-mail: qfan@hanglaw.com
        *Attorneys for Plaintiff(s)*

# Exhibit 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Petros Sons Inc, Ewing Diner and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

### *SPANISH TRANSLATION:*

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LEY DE NORMAS LABORALES FEDERALES

Soy un empleado actualmente o fui empleado anteriormente por Petros Sons Inc, Ewing Diner y/o entidades relacionadas.

Doy mi consentimiento para ser demandante en una acción para cobrar los salarios no pagados. Estoy de acuerdo en que estoy obligado por los términos del Retención Contingente de Tarifas firmados por el demandante nombrado en este caso.

Luis Lema
Full Legal Name (Print)

*[signature]*
Signature

4/26/19
Date

15